**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4705

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BREYCI VILLAREAL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00002-WO-1)

Submitted:  October 31, 2023                    Decided:  February 8, 2024

Before WILKINSON, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Breyci Villareal appeals the district court's judgment and commitment order revoking his supervised release and sentencing him to 24 months' imprisonment with no additional supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the court exceeded the maximum allowable term of imprisonment. The Government did not file a response. Although informed of his right to file a pro se supplemental brief, Villareal has not done so. We affirm.

The district court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). This Court reviews a district court's revocation decision for abuse of discretion and its factual findings underlying the revocation for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). We conclude that there was no error in the court's decision to revoke Villareal's supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id*. (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "[W]e first consider whether the sentence imposed is procedurally or substantively unreasonable. Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id*. (citation and internal quotation marks omitted). We generally employ the

2

same procedural and substantive considerations that guides our review of original sentences. *Crudup*, 461 F.3d at 438-39.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes omitted); *see* 18 U.S.C. § 3583(e) (listing relevant factors). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id*. (alteration and internal quotation marks omitted).

We conclude that that the 24-month sentence, the statutory maximum, is both procedurally and substantively reasonable. *See* 18 U.S.C. § 3583(e)(3), *United States v. Harris*, 878 F.3d 111, 119 (4th Cir. 2017). When imposing Villareal's revocation sentence, the district court correctly calculated the policy statement range of imprisonment, considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and addressed Villareal's argument for a lower sentence.

In accordance with *Anders*, we have reviewed the record in its entirety and found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Villareal, in writing, of the right to petition the Supreme Court of the United States for further review. If Villareal requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's

3

motion must state that a copy thereof was served on Villareal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*